**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

|  |  |
|---|---|
| _____<br><br>_____<br><br>Eric Alan Sanders,<br><br>Plaintiff,<br><br>vs.<br><br>_____<br><br>_____<br><br>South Carolina Department of Revenue; State of South Carolina; Hampton Regional Medical Center; and Allendale County Hospital<br><br>Defendants. | Civil Action No. 3:23-cv-4441-SAL-PJG<br><br>**MOTION TO REMAND**<br>_(Richland County Case No. 2023-CP-400-3856)_ |

The Plaintiff, incorporates his Motion to Dismiss Under Rule 41(a)(1)(i) Without Prejudice (Notice of Dismissal), as if quoted verbatim here, and moves the Court to issue an order of remand to the Richland County Court of Common Pleas, pursuant to _28 U. S. C. § 1447(c)_. The Plaintiff points to the following defects in the removal to justify a remand order being issued.

### (A) The Motion for Removal is Not Timely; A Motion for Removal Was Due No Later Than September 3, 2023

1.     The Plaintiff filed this action in the Court of Common Pleas for Richland County against the Defendants on July 25, 2023.

2.     The Plaintiff served W. Hartley Powell, director of Defendant South Carolina Department of Revenue, via UPS -- "a designated delivery service" as defined by 26 U.S.C. §7502(f)(2) and Rule 4(d)(a), SCRCP – on Friday, August 4, 2023 – UPS Tracking #

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

1Z115570A845966828, which shows it was "delivered on Friday, August 4 at 9:33 AM…received by SHARPE…at Inside Delivery," with adult signature required.

3.    The Plaintiff served Attorney General Alan Wilson, via UPS -- "a designated delivery service" as defined by 26 U.S.C. §7502(f)(2) and Rule 4(d)(a), SCRCP – on Friday, August 4, 2023 – UPS Tracking # 1Z115570A845974239, which shows it was "delivered on Friday, August 4 at 12:47 PM…received by LAURIE…at Inside Delivery," with adult signature required.

4.    The Plaintiff served CEO Lari Gooding, of Defendant Allendale County Hospital, via UPS -- "a designated delivery service" as defined by 26 U.S.C. §7502(f)(2) and Rule 4(d)(a), SCRCP – on Friday, August 4, 2023 – UPS Tracking # 1Z115570A812638431, which shows it was "delivered on Friday, August 4 at 1:04 PM PM…received by JEFF…at Inside Delivery," with adult signature required.

5.    The Plaintiff served CEO Dave Hamill, and registered agent, of Defendant Hampton Regional Medical Center, via UPS -- "a designated delivery service" as defined by 26 U.S.C. §7502(f)(2) and Rule 4(d)(a), SCRCP – on Friday, August 4, 2023 – UPS Tracking # 1Z115570A812638431, which shows it was "delivered on Friday, August 4 at 1:04 PM PM…received by JEFF…at Inside Delivery," with adult signature required.

6.    The notice of removal under 28 U.S.C. § 1446(b) was due by Sunday, September 3, 2023.

7.    Defendants, allegedly represented by the same law firm, State of South Carolina, Hampton Regional Medical Center, and Allendale County Hospital filed their notice of removal on September 1, 2023, 2 days short of the mandatory deadline.

8.    However, Defendant South Carolina Department of Revenue - technically being the "First-Served Defendant," - failed to timely file a notice of removal by the deadline of

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

September 3, 2023 and instead filed a dispositive motion, a Motion to Dismiss in the Richland County Court of Common Pleas.

9.    Therefore, this case must be remanded in keeping with stare decisis established by the Fourth Circuit Court of Appeals - the "*McKinney* Intermediate Rule." There is a circuit split among the Courts of Apeal with some circuits applying the "First-Served Defendant Rule" and others applying the "Last-Served Defendant Rule."

**Legal  Standards**

**Mandatory 30 Time Limit Under 28 U.S.C. § 1446(c) to Notice of Removal**

"The notice of removal of a civil action or proceeding _***shall***_ be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U. S. C. § 1446(b).

"Section 1446(b) says that if you are a defendant in a cause of action you are under an obligation to seek removal within thirty days of receipt of the plaintiff's complaint…[i]f you do not seek removal within the thirty-day window, you have forfeited your right to remove." *Barbour v. Intern. Union, 640 F. 3d 599, 611 - Court of Appeals, 4th Circuit 2011.*

**(B) Defendant South Carolina Department of Revenue Waived Its Right To Remove By Demonstrating a Clear and Unequivocal Intent to To Remain in State Court by Filing a Dispositive Motion and Taking Substantial Defensive Action in State Court**

10.    Defendant South Carolina Department of Revenue waived its right to remove and expressed the requisite intent to remain in state court by filing a motion to dismiss in which it raised substantive arguments before the state court, on August 25, 2023.

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

11.     Thus, Defendant South Carolina Department of Revenue opened itself up to a complete merits determination in state court. Defendant South Carolina Department of Revenue decided to avail itself of state court. These actions show Defendant South Carolina Department of Revenue "actively engage[d] in defensive litigation in the state court[.]" *Northrop Grumman Tech. Serv. V. Dyncorp Int'l, 865 F. 3d 181, at 188 – Court of Appeals, 4th Circuit 2017.*

## Legal Standards

### Waiver of Right to Removal By Substantial Defensive Action in State Court

A defendant demonstrates this intent by engaging in "substantial defensive action" in state court before filing a notice of removal. *Aqualon Co. v. Mac Equip., Inc.,* 149 F.3d 262, 264 (4th Cir. 1998), *abrogated in part on other grounds by Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 572, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

The Fourth Circuit Court of Appeals has found that "a defendant may yet waive its 30-day right to removal by demonstrating a `clear and unequivocal' intent to remain in state court." *Grubb v. Donegal Mut. Ins. Co., 935 F. 2d 57, at 57 - Court of Appeals, 4th Circuit 1991.*

A Defendant cannot "be allowed to test the waters in state court . . . and finding the temperature not to its liking, beat a swift retreat to federal court." *Northrop Grumman,* 865 F.3d at 188 (quoting *Estate of Krasnow v. Texaco, Inc.,* 773 F.Supp. 806, 809 (E.D. Va. 1991)).

### (C) Because Defendant South Carolina Department of Revenue has waived its right to removal, there is no unanimity among defendants, and subsequently served Defendants Cannot Remove

12.     Because Defendant South Carolina Department of Revenue waived its right to remove by failing to file a notice of removal by Sunday, September 3, 2023, and instead chose to file a dispositive Motion to Dismiss on August 25, 2023 in the Richland County Court of Common Pleas, the later served Defendants in this case can not remove the case in accordance with the "Unanimity Among Defendants Rule."

### Legal Standard

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

"First, if [Defendant] A petitions for removal within 30 days, the case may be removed, and B can either join in the petition or move for remand.... Second, if A does not petition for removal within 30 days, the case may not be removed." *Barbour v. Intern. Union, 640 F. 3d 599, at 608 - Court of Appeals, 4th Circuit 2011.*

**(D) There is a doubt as to whether Defendant South Carolina Department of Revenue has waived its right to removal by filing a dispositive motion in the Richland County Court of Common Pleas and failing to file a timely notice of removal as the First-Served Defendant; all doubts must be resolved in favor of remand, the removal statutues must be strictly construed, and Defendants have the burden of establishing the jurisdiction of the District Court. Most importantly, Plaintiff and Defendants are all residents of the State of South Carolina and the case lacks complete diversity.**

13.     Defendant South Carolina Department of Revenue, the first-served Defendant, has created a doubt as to whether or not it waived it right to removal by filing s dispositive motion in the Richland Court of Common Pleas on August 25, 2023 and failing to file a timely notice of removal by Sunday, September 3, 2023.

14.     Plaintiff asserts that the Plaintiff and all Defendants are residents of or have their principle places of business in South Carolina and the case lacks complete diversity,

15.     Removal statutes must be strictly construed, all doubts must resolved in favor of remand, and the burden of establishing jurisdiction rests upon party asserting jurisdiction.

16.     Therefore, the Plaintiff moves the Court to remand this action to the Richland County Court of Common Pleas.

**Legal Standard**

"The current general-diversity statute, permitting federal district court jurisdiction over suits for more than $50,000 "between . . . citizens of different States," 28 U. S. C. § 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 US 61, at 68 - Supreme Court 1996.

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

"The Fourth Circuit Court of Appeals "presume 'that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Barbour v. Intern. Union, 640 F. 3d 599, at 605 - Court of Appeals, 4th Circuit 2011.*

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Barbour v. Intern. Union, 640 F. 3d 599, at 629 - Court of Appeals, 4th Circuit 2011.*

"Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Intern. Union, 640 F. 3d 599, at 605 - Court of Appeals, 4th Circuit 2011.*

"Doubts about the propriety of removal should be resolved in favor of remanding the case to state court." *Barbour v. Intern. Union, 640 F. 3d 599, at 605 - Court of Appeals, 4th Circuit 2011.*

PLAINTIFF SO MOVES.

Eric Alan Sanders, Plaintiff

262 Eastgate Drive
PMB# 501
Aiken, SC 29803
(803) 814-3631

September 29, 2023

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG