IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Eric Alan Sanders,

Plaintiff,

vs.

South Carolina Department of Revenue; State of South Carolina; Hampton Regional Medical Center; and Allendale County Hospital

Defendants.

Civil Action No. 3:23-cv-4441-SAL-PJG

RESPONSE TO MOTION TO DISMISS AND/OR RESPONSE TO SUMMARY JUDGMENT; RULE 56(D) MOTION TO DEFER OR DENY MOTION TO DISMISS TO ALLOW TIME FOR DISCOVERY
*(Richland County Case No. 2023-CP-400-3856)*

The Plaintiff, incorporates his Motion to Dismiss Under Rule 41(a)(1)(i) Without Prejudice (Notice of Dismissal) (DE 14), and his Motion to Remand (DE 16), as if quoted verbatim here, and moves the Court to deny or defer a decision, pursuant to Rule 56(d) FRCP, on Defendants' Motion to Dismiss because it raises matters outside of the pleadings, exhaustion of administrative remedies, etc., converting the motion to one for summary judgment, and the Plaintiff has not had an opportunity for a full and fair opportunity to conduct discovery.

**(A) Re: Insufficient Service of Process on These Defendants**

1.    The Plaintiff filed this action in the Court of Common Pleas for Richland County against the Defendants on July 25, 2023.

2.    The Plaintiff served W. Hartley Powell, director of Defendant South Carolina Department of Revenue, via UPS -- "a designated delivery service" as defined by 26 U.S.C.

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

§7502(f)(2) and Rule 4(d)(a), SCRCP – on Friday, August 4, 2023 – UPS Tracking # 1Z115570A845966828, which shows it was "delivered on Friday, August 4 at 9:33 AM…received by SHARPE…at Inside Delivery," with adult signature required.

3.    The Plaintiff served Attorney General Alan Wilson, via UPS -- "a designated delivery service" as defined by 26 U.S.C. §7502(f)(2) and Rule 4(d)(a), SCRCP – on Friday, August 4, 2023 – UPS Tracking # 1Z115570A845974239, which shows it was "delivered on Friday, August 4 at 12:47 PM…received by LAURIE…at Inside Delivery," with adult signature required.

4.    The Plaintiff served CEO Lari Gooding, of Defendant Allendale County Hospital, via UPS -- "a designated delivery service" as defined by 26 U.S.C. §7502(f)(2) and Rule 4(d)(a), SCRCP – on Friday, August 4, 2023 – UPS Tracking # 1Z115570A812638431, which shows it was "delivered on Friday, August 4 at 1:04 PM PM…received by JEFF…at Inside Delivery," with adult signature required.

5.    The Plaintiff served CEO Dave Hamill, and registered agent, of Defendant Hampton Regional Medical Center, via UPS -- "a designated delivery service" as defined by *26 U.S.C. §7502(f)(2)* and *Rule 4(d)(a), SCRCP* – on Friday, August 4, 2023 – UPS Tracking # 1Z115570A812638431, which shows it was "delivered on Friday, August 4 at 1:04 PM PM…received by JEFF…at Inside Delivery," with adult signature required.

6.    Defendants assertions that the Plaintiff failed to serve the Attorney General (State of South Carolina) or the chief executive officers or clerks of the remaining Defendants is completely without merit.

**(B) Re: Eleventh Amendment Immunity – The South Carolina Tort Claims Act Waives Sovereign Immunity for Torts Committed by the State, its political subdividsions, and governmental employees acting within the scope of their official duties."**

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

7. Defendants arguments that the Eleventh Amendment bars the Plaintiff's suit is without merit because the State of South Carolina has waived sovereign immunity for torts committed by the State, etc. pursuant to the *South Carolina Tort Claims Act. Marlowe v. SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, SC: Court of Appeals 2023* (""The [TCA] waives sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties." *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 121, 542 S.E.2d 736, 739 (Ct. App. 2001)).

8. Further, the Plaintiff sets out a prayer for relief for declaratory relief and injunctive relief which are not barred by the South Carolina Tort Claims Act. S.C. Code §15-78-50(c) ("Nothing herein shall affect the power of a court of equity at the suit of a party complainant to enjoin unlawful acts committed by governmental entities or mandate lawful action by governmental entities.")

**(C) Defendants are not entitled to the exceptions to the state's waiver of sovereign immunity, in section *15-78-60* of the *Tort Claims Act*, for the Plaintiff's abuse of process cause of action.**

9. S.C. Code §15-78-40 sets out that "the State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein."

10. The Plaintiff sets out in his <u>Complaint</u> a cause of action for abuse of process against all Defendants. <u>Complaint</u>, Count V:Abuse of Process, ¶¶'s 34-36.

11. *S.C. Code §15-78-60(17)* sets out that "the governmental entity is not liable for a loss resulting from… employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude…"

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

12. However, governmental Defendants in this claim cannot assert this exception to the waiver of immunity for torts such as abuse of process which do not have "intent to harm" as an essential element of the cause of action. *Swicegood v. Lott, 665 SE 2d 211 – SC: Court of Appeals 2008.* "As stated above, the tort of abuse of process contains neither an element of intent to harm, nor actual malice…although harm may result from the 'bad intent' used by the circuit court to describe an ulterior purpose, proving an abuse of process claim does not require a party to intend such harm." See *Eldeco, Inc. v. Charleston County Sch. Dist., 372 S.C. 470, 481, 642 S.E.2d 726, 732 (2007)* (finding the comparable torts of tortious interference with contractual relations, and intentional interference with prospective contractual relations do not contain an intent to harm element providing immunity under *§ 15-78-60(17)*); *McBride v. SCHOOL DIST. OF GREENVILLE, 698 SE 2d 845, 564 - SC: Court of Appeals 2010* ("[A] cause of action for abuse of process is not barred by section *15-78-60(17)* because of its elements.")

### (D) Employees of the State and Its Political Subdivision Are Not Entitled To Immunity under the South Carolina Tort Claims Act for the Plaintiff's cause of action for civil conspiracy because it contains "intent to harm" as an essential element of the cause of action.

13. The Plaintiff sets out a cause of action for civil conspiracy against the employees of the State and Defendant South Carolina Department of Revenue. Complaint, Count VI: Conspiracy, ¶¶ 37-38.

14. *S.C. Code §15-78-70(b)* sets out, "Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." *S.C. Code § 15-78-70(b) (2012).*

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

15.    "To prove civil conspiracy, a plaintiff must prove the defendant acted 'for the purpose of injuring the plaintiff.'" SKYDIVE MYRTLE BEACH v. Horry County, 826 SE 2d 585, 185 - SC: Supreme Court 2019.

16.    "These allegations appear to satisfy the 'intent to harm' exception...§ 15-78-70(b)." *SKYDIVE MYRTLE BEACH v. Horry County, 826 SE 2d 585, 185 - SC: Supreme Court 2019.*

17.    Although the Plaintiff set out the cause of action against the employees of the State and Defendant South Carolina Department of Revenue, due the clandestine nature of conspiracy claims, the Plaintiff is unable to name all of the state employees, all of the State agencies involved, or the state employee's proper employer, therefore, the Plaintiff named the State and Defendant South Carolina Department of Revenue as Defendants relating to Plaintiff's cause of action for civil conspiracy, pursuant to *S.C. Code §15-78-70(c)*. ("On or after January 1, 1989, a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually, unless the agency or political subdivision for which the employee was acting cannot be determined at the time the action is instituted.")

**(E) Exhaustion of Administrative Remedies Not Required When the Agency Has Taken a "Hard and Fast Position"**

18.    The Plaintiff clearly sets out in his Complaint that he "appealed and protested the set off of his individual tax returns to Defendants Hampton Regional Medical Center and South Carolina Revenue via certified mailing..." Complaint at ¶ 13.

19.    Further, the Plaintiff sets out in his Complaint, "That on July 17, 2023, Jean Funches, agent of South Carolina Department of Revenue's Tax Payer Advocate Division,

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

notified the Plaintiff that Defendant South Carolina Department of Revenue has taken a 'hard and fast' that Defendant will not allow the Plaintiff a payment plan and will not release the levy." Complaint at ¶ 14.

20.    The Plaintiff is not required to exhaust administrative remedies when an agency takes such a "hard and fast position." *Thetford Properties v. DEPT. OF HOUS. & URBAN DEV., 907 F. 2d 445 - Court of Appeals, 4th Circuit 1990* ("Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion. *Randolph-Sheppard, 795 F.2d at 105-06; Rhodes v. United States, 574 F.2d 1179, 1181 (5th Cir.1978)*.")

**(F) Constitutional Claims: Plaintiff's Causes of Action Are Distiquishable from the Claims of the Gardner Plaintiffs Because They Received a Notice from Claimant Agencies, with Deficient Appeal Procedures Notifications, While Plaintiff's Claim Is That He Received No Notice At All**

21.    The Plaintiff's cause of action differs from the Plaintiff's in Gardner v. S.C. Dep't of Revenue in that those named Plaintiff's asserted that the notices they received from the claimant agencies were insufficient in they did not sufficiently set out appeal procedures in accordance with *§12-56-60(A). Gardner v. South Carolina Dept. of Revenue, 577 SE 2d 190, 12 - SC: Supreme Court 2003* ("The Category 1 notices which provided a telephone number and, perhaps, the name of a contact person, clearly did not meet the mandatory provision of the statute. While the Category 2 notices informed the taxpayer he/she could "request a review" by calling or writing the claimant agency's *Setoff Debt Collection* department within a specified length of time, the notices did not "set forth administrative appeal procedures available" as specified by *§ 12-56-60(A)*.")

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

22.    The Plaintiff sets out a cause of action that differs from the "Category 1" and "Category 2" classes of Plaintiff's in the Gardner case in that he asserts he never received any pre-setoff notice of any kind from the Claimant Agency Defendants. Complaint at ¶¶ 6, 15-22.

**(G) Defendant has presented matters outside of the pleadings, converting the Motion to Dismiss to one for summary judgment under Rule 56, FRCP. The Plaintiff asserts that there are facts unavailable to the Plaintiff, facts contained in Defendants' administrative file and the Plaintiff cannot address Defendants' assertion of failure to exhaust administrative remedies without the file. Further, the Plaintiff asserts that he would have to present materials outside of the pleadings to defend against Defendants' assertion that he has failed to exhaust administrative remedies, converting the posture of the motion to one under summary judgment.**

23.    The Plaintiff asserts that Defendants' assertion that the Plaintiff has not exhausted administrative remedies and "that Defendants are unaware of any protest filed by the Plaintiff other than this Complaint" (Motion To Dismiss, page 10) requires the Plaintiff to present material outside of the pleadings to refute the assertions of Defendants.

24.    The Plaintiff asserts that there proofs of certified mailings of appeals and protests of the setoffs and wage garnishment to all Defendants, other than those relating to service of the Complaint and Summons previously mentioned; there is an e-mail dated July 17, 2023 in which the Taxpayer Advocate for Defendant South Carolina Department of Revenue states, "In regards to collection activity by SC Department of Revenue, a payment plan is currently not an option…"

25.    There is letter from Defendant Hampton Regional Medical Center's "patient financial services director" – Monica R. Jennings, CRCA, stating to the Plaintiff, "you are well past the time frame to dispute the collection" – dated July 12, 2023, in response to the Plaintiff's appeal and protest letter.

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

26.     Most importantly, the Plaintiff is need of discovery of documents in the Defendants' sole possession, including all documents relating to Case ID: 1037320, Letter ID: L0024795943, and Letter ID: L0024788080, all proof of service of the required pre-setoff notices allegedly sent by Defendant Hampton Regional Medical Center, communications between Defendants relating to the wage garnishment, its timing, etc.

27.     Without full and fair discovery of these materials, the Plaintiff is unable to provide proof of exhaustion of administrative remedies and his protest and appeal of both the income tax set off and the wage garnishment. *Greater Baltimore Center v. Mayor of Baltimore, 683 F. 3d 539, 564 - Court of Appeals, 4th Circuit 2012.* "At minimum, a court 'must refuse summary judgment where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition' See Nader v. Blair, 549 F.3d 953, 961 (4th Cir.2008)

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

**Rule 56(d) Declaration That Facts Are Unavailable to the Nonmovant**

1.      I assert that there are facts in existence that are unavailable to me, the nonmovant, and exists in the sole possession of Defendants, including, but not limited to, the administrative record of Defendant South Carolina Department of Revenue, any proofs of service of pre-setoff notices sent to the Plaintiff by Defendants Hampton Regional Medical Center and Allendale County Hospital, etc., and any communications between Defendants relating to the Plaintiff's protest and appeal of the setoffs of his income tax refund and wage garnishment.

2.      The Plaintiff cannot properly oppose summary judgment without discovery of these materials.

Michael J. Scarboro

MICHAEL J SCARBORO
Notary Public, State of South Carolina
My Commission Expires 6/7/2033

x
10-4-23          x
Date          Plaintiff's Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

10/04/2023

PLAINTIFF SO MOVES.

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG

Eric Alan Sanders, Plaintiff

262 Eastgate Drive
PMB# 501
Aiken, SC 29803
(803) 814-3631

October 4, 2023

REMAND MOTION:_____CASE NO. 3:23-cv-4441-SAL-PJG